UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIGN PRO, INC., et al.,<br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF SOUTHINGTON, et al.,<br>    Defendants. | No. 3:23-cv-651 (SRU) |

# ORDER

Sign Pro, Inc., Peter Rappoccio, and Pro Realty LLC ("Sign Pro") filed a motion to amend the Second Amended Complaint.  **Doc. No. 68**.  For the reasons that follow, I **grant** the motion.

I assume the parties' familiarity with the underlying facts and procedural history. Relevant to this motion, on July 6, 2023, Sign Pro and the defendants (collectively, "Southington") filed a Joint Rule 26(f) Report.  Doc. No. 22.  Section D, titled "Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings," stated that the "[p]laintiffs reserve the right to seek joinder of additional parties based on evidence developed through discovery."  *Id.* at 5.  Sign Pro later amended the complaint—with the Court's leave—and added two Southington employees as individually-named defendants.  Doc. No. 37.

On September 27, 2024, Sign Pro deposed Southington's current Town Manager, Alex Ricciardone ("Ricciardone").  Doc. No. 72-1 at 2-3.  On December 5, 2024, Sign Pro deposed Southington's current Council Chair, Paul Chaplinsky, Jr. ("Chaplinsky").  Doc. No. 72 at 2. The parties agreed to pause discovery from January to April 2025 to pursue mediation.  Doc. No. 74 at 10.  On April 11, 2025, Sign Pro moved for leave to add Ricciardone and Chaplinsky as defendants.  Doc. No. 68.  Southington objects.  Doc. No. 72.

A party may amend "with the opposing party's written consent or the court's leave" after the period for amendment expires. Fed. R. Civ. P. 15(a). "[L]eave to amend pleadings should be freely given when justice requires." *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977). District courts have broad discretion to grant or deny leave to amend upon consideration of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," or "futility of amendment." *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the parties' Joint 26(f) Report, Southington agreed that Sign Pro "reserve[d] the right to seek joinder of additional parties based on evidence developed through discovery." Doc. No. 22 at 5. Southington now objects to Sign Pro's request to join additional parties based on discovery. *See generally* Doc. No. 72. Southington and Sign Pro could have elected to set a deadline for joinder of parties, but chose not to do so. The Form 26(f) Report in the Local Rules implies that parties may set deadlines for joinder and amendment of pleadings. *See* D. Conn. L. Civ. App., Form 26(f) Report of the Parties' Planning Meeting, § D1 ("Plaintiff(s) should be allowed until [date] to file motions to join additional parties and until [date] to file motions to amend the pleadings."). The standard language in the Form 26(f) Report "should have served as adequate notice that the parties could have decided to limit the timeframe . . . to file an amended pleading." *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, 725 F. Supp. 3d 206, 216 (D. Conn. 2024).

Expediency, efficiency, and judicial economy further warrant granting Sign Pro leave to amend. Sign Pro could file another lawsuit against Ricciardone and Chaplinsky for the same

2

alleged conduct and seek consolidation with this action.  *See* Fed. R. Civ. P. 42(a) (granting the court discretion to consolidate actions sharing common questions of law or fact).  Rather than obliging Sign Pro to file a separate action against Ricciardone and Chaplinsky, I grant Sign Pro leave to amend in order to avoid the unnecessary inconvenience of two related actions pending in the same District.

  I turn next to Southington's claim of undue delay.  By the time Sign Pro sought to add Ricciardone as a defendant, he had been Town Manager for approximately nine months.  *See* Doc. No. 72 at 7.  Chaplinsky similarly had been Council Chair for a year and a half.  *Id.* According to Sign Pro, it was the discovery process that revealed how Ricciardone and Chaplinsky's conduct became relevant to its existing claims.  Doc. No. 74 at 9-10; *see Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, at *3-*4 (S.D.N.Y. June 11, 2003) (rejecting the defendant's claim of undue delay because "[a]lthough" the motion to amend "was filed towards the close of discovery," the plaintiff first learned of a party's involvement at her deposition).  Furthermore, it appears that a significant portion of the delay was due to the parties' agreement to pause discovery—twice—during mediation efforts.  Doc. No. 74 at 10.

  I now turn to prejudice.  Ricciardone and Chaplinsky have already been deposed and would have been deposed regardless of their status as non-parties or named defendants.  Doc. No. 74 at 8; *see Franco v. Ideal Mortg. Bankers, Ltd.*, 2011 WL 317971, at *3 (E.D.N.Y. 2011) (holding no prejudice existed when individuals would have been deposed regardless of their status as named defendants).  Southington asserts that it will need to complete "[a]dditional discovery document searches," doc. no. 72 at 10, but Sign Pro claims that Southington has already conducted searches on documents in Ricciardone and Chaplinsky's possession.  *See* Doc.

3

No. 74 at 8.  Mere delay and increased litigation expense, without more, does not warrant denying a party's motion to amend.  *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

I therefore **grant** Sign Pro's motion for leave to amend the Second Amended Complaint, **doc. no. 68**.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of June 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge